CHARLES R. JONES, Judge.
|,The Appellant, Eastover Realty, Inc. (hereinafter “Eastover”), seeks review of a district court judgment granting the motion for summary judgment of the Ap-pellee, Curklin Atkins (hereinafter “Mr. Atkins”), and finding that Eastover was liable for breaching an Agreement to Purchase or Sell Real Estate that was executed between the parties.
Facts and Procedural History
On or about May 30, 1997, Mr. Atkins and Eastover entered into an Agreement to Purchase or Sell Real Estate (hereinafter “Agreement”) for a lot located in Phase III of the Eastover subdivision. Mr. Atkins paid an earnest money deposit of $5,000.00 pursuant to the Agreement.
The sale, however, never occurred. Mr. Atkins avers that this is because Eastover sold the subject property to a third party. The alleged sale of the lot in question is what prompted Mr. Atkins to sue Eastover for breach of contract.
Subsequent to filing suit, Mr. Atkins filed a Motion for Summary Judgment against Eastover on the issue of liability that was heard on April 21, 2006.[1] The | ¡.district court granted Mr. Atkins’ Motion for Summary Judgment from which East-over filed its timely appeal.
Assignments of Error on Appeal
Eastover contends that the district court did not consider the following five genuine issues of material fact when it granted Mr. Atkins’ Motion for Summary Judgment: 1.) the price of the lot in question; 2.) the amount of the deposit required for said lot; 3.) the availability of the lot for purchase; 4.) the fact that the act of sale was to take place in front of Mr. Atkins’ notary, and 5.) the remedies available to Mr. Atkins pursuant to the executed Agreement were either for specific performance or the return of the deposit.
Law and Discussion
On review of a summary judgment, the appellate court considers the matter de novo. Doerr v. Mobil Oil Corp., 00-947 (La.12/19/00), 774 So.2d 119, 136. Further, the reviewing court “asks the same questions as does the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law.” Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750.

Issues of Material Fact

Purchase Price
Eastover claims that the purchase price of the subject lot is a genuine issue of material fact. The Agreement states that the purchase price for the property is One Hundred Twenty Thousand ($120,000.00) dollars. In Mr. Atkins’s petition for damages, he stated that the purchase price was One Hundred Thousand |¾($100,000.00) dollars. Eastover asserts that this discrepancy is a genuine issue of material fact.
The Louisiana Supreme Court reasoned in Penalber v. Blount, 550 So.2d 577, 583 (La.1989), that a fact is material “if its existence or nonexistence may be essential to plaintiffs cause of action under the ap *202 plicable theory of recovery.” Furthermore, “[f]acts are ‘material’ if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Id.
In the instant case, we find that the actual price of the property is not a genuine issue of material fact because determining the correct purchase price is immaterial to deciding whether Eastover breached its obligation to sell this particular lot to Mr. Atkins prior to the purchase price being remitted to Eastover.
The Deposit Amount
Eastover contends that the district court overlooked a second genuine issue of material fact: whether Mr. Atkins ever tendered the full deposit amount to East-over pursuant to the Agreement. East-over asserts that the deposit amount was Ten Thousand ($10,000.00) dollars.
The deposit clause of the Agreement, however, states the following:
Upon acceptance of this offer, SELLER and PURCHASER shall be bound by all of its terms and conditions and Purchaser becomes obligated to deposit immediately with SELLERS Agent/Broker $5,000.00 CH + $5,000.00 Upon Sale ... and failure to do so shall be considered a breach of this agreement. This deposit is to be non-interest bearing and shall be placed in any federally insured baking or savings and loan institution without responsibility on the part of the Agent/Broker in case of failure or suspension of such institution.”
14We find that $5,000.00 of the deposit was to be paid immediately while another $5,000.00 — as the Agreement clearly states — was to be paid upon completion of the sale. Indeed, Mr. Atkins paid $5,000.00 via check to Eastover. Considering that the act of sale never occurred, Mr. Atkins had no reason to tender the remaining $5,000.00 to Eastover. Therefore, Eastover received all of the earnest money that it was entitled to in this instance. As a result, the deposit amount is not a genuine issue of material fact.
The Availability of the Lot
The third issue that Eastover presents as a genuine issue of material fact is that the lot in question never became available for Mr. Atkins to purchase. Mr. Atkins attests that Eastover breached its obligation to him by selling the lot to a third party, who constructed a residence upon the property.
According to the terms of the Agreement, the property was to be sold within thirty (30) days of it becoming available. If the lot was sold to a third party, it must have become available; yet, Mr. Atkins was not advised of said availability.
Nevertheless, the record is void of any evidence that the lot was sold; when it was sold; to whom it was sold, and whether a house was erected on said property. There is no proof in the record that the lot is — as Mr. Atkins argues — unavailable.
The availability of this property is indeed a genuine issue of material fact because it is directly related to whether Eastover breached its obligation to sell the subject lot to Mr. Atkins. Having found a material issue of genuine fact exists, this Court holds that the district court erred and should be reversed.
| ¡(Further, we pretermit discussion of the fourth and fifth assignments of error because a determination that any genuine issue of material fact exists is sufficient to deny a motion for summary judgment.
The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine factual dispute. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963). This matter warrants that a trial be held as there is at least one genuine *203 issue of fact that exists as to whether Eastover is indeed liable unto Mr. Atkins.
Decree
The judgment of the district court is reversed as our de novo review indicates there are genuine issues of material fact. This matter is hereby remanded to the district court.
REVERSED AND REMANDED.

. Eastover neither filed an opposition to the motion nor attended the oral argument of the motion.